```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**MERVIN L. HENSON, JR., et al.,**

    **Plaintiffs,**

**v.**                                          **CIVIL ACTION NO. 2:09-0219**

**MONONGAHELA POWER COMPANY, et al.,**

    **Defendants.**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending before the court is defendants' motion for judgment on the pleadings. (Doc. # 13). For the reasons set forth below, the motion for judgment on the pleadings is **DENIED**.

### I.   <u>Factual and Procedural Background</u>

According to the allegations in the Complaint, plaintiffs Mervin L. Henson, Jr. and Jerry E. Taylor were employed by Mountaineer Gas Company ("Mountaineer Gas") since 1971 and 1968, respectively. Complaint ¶¶ 6-7. Plaintiff United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union ("USW") has and does represent Henson and Taylor for collective bargaining purposes. <u>Id.</u> at ¶ 8. USW is the successor to the Paper, Allied-Industrial Chemical and Energy Workers International Union, the entity negotiating the collective bargaining agreement with Mountaineer Gas that covers the benefits which are at the heart of this lawsuit. <u>Id.</u> Pursuant to the terms of that collective bargaining agreement, Mountaineer Gas agreed to provide a defined

benefit pension plan for its employees, the Mountaineer Gas Company Retirement Income Plan ("Mountaineer Plan"). Id. at ¶ 10.

In 1999, Allegheny Energy, Inc.[1] agreed to purchase the stock of Mountaineer Gas from Energy Corporation of America and Eastern Systems Corporation. This sale was completed on August 24, 2000. Id. at ¶ 14. Among the obligations assumed by Allegheny Energy was the Mountaineer Plan. Id.

Both the Mountaineer Plan and its Summary Plan Description ("SPD") stated that "service" under the plan included "periods of absence due to illness or total and permanent disability." Id. at ¶ 12. During their employment with Mountaineer Gas, both Henson and Taylor were disabled from work for "substantial periods of time." Id. at ¶ 13.

A new collective bargaining agreement was negotiated in 2003 in which USW and Allegheny agreed that the former Mountaineer Gas employees would be incorporated into the Allegheny Plan, effective July 1, 2001. Id. at ¶ 15.

On August 4, 2004, Allegheny Energy entered into an agreement to sell its natural gas operations in West Virginia, including Mountaineer Gas Company, to a partnership composed of

---

[1] According to the Complaint, Allegheny Energy is a subsidiary of Monongahela Power Company and the actions complained of herein were done primarily while operating under the name of Allegheny Energy. Complaint at ¶ 4.

-2-

IGS Utilities, LLC, IGS Holdings, LLC, and ArcLight Capital Partners (collectively "IGS"). Id. at ¶ 17. The sales agreement provided that Allegheny employees would be transferred to IGS who would establish new pension and benefit plans going forward. Id. at ¶ 18. Those employees transferred would become fully vested in their pension benefits under the Allegheny Plan as if they had terminated their employments. Id. IGS also assumed the unexpired collective bargaining agreement with the USW. Id.

Henson and Taylor were terminated by Allegheny and transferred to the new company, Mountaineer Gas Company ("Mountaineer Gas II"). Id. at ¶ 19. After reaching retirement age, both men sought payment of their accrued pension benefit under the Allegheny and Mountaineer Plans. Id. After they received their benefits in a lump sum distribution, plaintiffs discovered Allegheny had not included pension credit for the time the men were off work due to illness and disability. Id. at ¶ 20.

Counsel for plaintiffs attempted to resolve the dispute administratively by sending two letters to Allegheny, on September 7, 2006 and January 24, 2007, requesting that it recalculate benefits for Henson and Taylor. Id. at ¶ 21. Allegheny did not respond to either letter, see id. at 21, but it denies ever receiving the second letter. See Answer at ¶ 21.

On March 12, 2009, plaintiffs filed the instant lawsuit alleging that Allegheny had violated ERISA, 29 U.S.C. §§ 1054, 1058, and 1060, "by denying credit earned and accrued pursuant to the terms of the predecessor Mountaineer Gas Plan." Complaint at ¶ 23. The Complaint further alleges that defendant has breached its collective bargaining agreement with the USW by failing to provide the benefits negotiated in the collective bargaining agreement. Id. at ¶ 24.

Defendants' filed the instant motion for judgment on the pleadings, contending that the case should be dismissed because plaintiffs had failed to exhaust their administrative remedies. Plaintiffs contend that the court should deem their administrative remedies exhausted given defendants' failure to act on the two letters they sent.

## II. **Standard for Judgment on the Pleadings**

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A motion for judgment on the pleadings under Rule 12(c) is determined under the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). In deciding a motion for judgment on the pleadings, the court "may consider documents incorporated by reference in the

pleadings." Farmer v. Wilson Hous. Auth., 393 F.Supp. 2d 384, 386 (E.D.N.C. 2004).

In resolving a motion for judgment on the pleadings, the court must accept all of the non-movant's factual allegations as true and draw all reasonable inferences in its favor. Bradley v. Ramsey, 329 F.Supp. 2d 617, 622 (W.D.N.C. 2004); see Burback Broadcasting Co. of Delaware v. Elkins Radion Corp., 278 F.3d 401, 406 (4th Cir. 2002) ("Accordingly, [in ruling on a motion pursuant to Rule 12(c),] we assume the facts alleged in the complaint are true and draw all reasonable factual inferences in [non-movant's] favor."). Judgment on the pleadings is appropriate if, taking all of the non-moving party's factual allegations as true, the movant demonstrates that there is no genuine issue of material fact and that movant is entitled to judgment as a matter of law. Bradley, 329 F. Supp. 2d at 622.

### III.  Analysis

An employee generally must exhaust administrative remedies before bringing an action under ERISA to recover benefits under a plan. Makar v. Health Care Corp. of the Mid-Atlantic (CareFirst), 872 F.2d 80, 82 (4th Cir. 1989). This requirement rests "upon the Act's text and structure as well as the strong federal interests encouraging private resolution of ERISA disputes." Id. (citing Kross v. Western Elec. Co., 701 F.2d 1238, 1243-45 (7th Cir. 1983)). Congress intended plan

fiduciaries, not the federal courts, to have primary responsibility for claim processing. See id. at 83.

ERISA regulations require plan administrators to "establish and maintain reasonable claims procedures." 29 C.F.R. § 2650.503-1(b). ERISA plans must also provide "a procedure by which a claimant shall have a reasonable opportunity to appeal an adverse benefit determination to an appropriate named fiduciary of the plan, and under which there will be a full and fair review of the claim and the adverse benefit determination." 29 C.F.R. § 2560-503-1(h). As to the timing of notification regarding an appeal:

> the plan administrator shall notify a claimant in accordance with paragraph (j) of this section of the plan's benefit determination on review within a reasonable period of time, but not later than 60 days after receipt of the claimant's request for review by the plan, unless the plan administrator determines that special circumstances (such as the need to hold a hearing, if the plan's procedures provide for a hearing) require an extension of time for processing the claim. If the plan administrator determines that an extension of time for processing is required, written notice of the extension shall be furnished to the claimant prior to the termination of the initial 60-day period. In no event shall such extension exceed a period of 60 days from the end of the initial period. The extension notice shall indicate the special circumstances requiring an extension of time and the date by which the plan expects to render the determination on review.

29 C.F.R. § 2560.503-1(i)(1)(i).

The Allegheny Plan herein provides:

8.7 Claim Procedure. The Employee Benefits Committee shall provide adequate notice in writing to any person whose

-6-

>claim for benefits under the Plan has been denied, setting forth specific reasons for the denial in a manner calculated to be understood by the recipient of such notice without actuarial or legal counsel. In addition, the Employee Benefits Committee shall establish a procedure whereby a person whose claim for benefits has been denied is afforded a full and fair review of its determination. Such review procedure shall comply with the requirements of the Act and the regulations issued thereunder.
>
>In case the claim of any Member or beneficiary for benefits under the Plan is denied, the Employee Benefits Committee shall provide within 90 days of receipt of such written claim: (or within 180 days, if special circumstances require an extension of time and written notice of the extension is given to the Member or beneficiary within 90 days after receiving the claim for benefits}, adequate notice in writing to such claimant, in a manner calculated to be understood by the claimant, setting forth the specific reasons for such denial. The Employee Benefits Committee shall afford a Member or beneficiary, whose claim for benefits has been denied, 60 days from the date notice of such denial is delivered or mailed in which to appeal the decision in writing to the Employee Benefits Committee. If the Member or beneficiary appeals the decision in writing within 60 days, the Employee Benefits Committee shall review the written comments and any submissions of the Member or beneficiary and render its decision regarding the appeal within 60 days of receipt of such appeal (or within 120 days, if special circumstances require an extension of time and written notice of the extension is given to the Member or beneficiary within 60 days after receiving the claim for benefits).

Plaintiffs Henson and Taylor filed claims when they requested a calculation of their benefits and received a response in the form of a benefit calculation which they believed was incorrect. Thereafter, by a letter to Human Resources dated September 7, 2006, counsel for Henson and Taylor disputed the benefit calculation. No response to this letter was ever

-7-

received. On January 24, 2007, counsel for plaintiffs sent a second letter to Allegheny[2] and, when no response was received, they filed the instant lawsuit on March 12, 2009.

It is clear that defendants violated not only their own regulations regarding the administration of claims, but also the ERISA regulations. Significantly, in such cases, the regulations provide:

> In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

29 C.F.R. § 2560.503-1(l). This provision precludes "an ERISA plan administrator [from] avoid[ing] judicial review indefinitely by merely refusing to supply requested documents or refusing to decide a claim on review." Asgard v. Pension Comm., 2006 WL 2948074, *8 (W.D. Mich. 2006).

In this case, when the Plan failed to respond, the claims were deemed denied and plaintiffs were deemed to have exhausted their administrative remedies. See Baptist Memorial Hospital-Desoto, Inc. v. Crain Automotive, Inc., 2010 WL 3278258, *5 (5th Cir. 2010) ("Because [the Plan Administrator] failed to

---

[2] Although defendants deny ever receiving this letter, under the applicable standard of review, the court is required to accept plaintiffs' allegations as true.

substantially comply with its duty to notify [claimant] that it had denied the claim, the district court properly excused BMHD's failure to exhaust its administrative remedies."); Riggs v. A.J. Ballard Tire & Oil Co., Inc. Pension Plan and Trust, 1992 WL 345584, *2 (4th Cir. 1992)(concluding that decision of magistrate judge that exhaustion would be futile in light of total failure of Company to take action on employee's claim or provide the information he sought was not clearly erroneous); Kennedy v. WLS Surgical Assoc., 2010 WL 23167, *2 (N.D. Tex. 2010) ("GOSA is required under the terms of the Summary to respond to a claim within ninety days.  Because it did not do so, Kennedy is deemed to have exhausted her administrative remedies. . . ."); Linder v. BYK-Chemie USA, Inc., 313 F. Supp.2d 88, 93 (D. Conn. 2004) ("Linder filed suit on November 4, 2002, well over 90 days after his claim for benefits was filed, having received no written decision from the Committee.  The ERISA regulations are clear that claimants are `deemed to have exhausted administrative remedies' in such circumstances."); McRae v. Seafarers' Welfare Plan, 726 F. Supp. 817, 820 (S.D. Ala. 1989), rev'd in part on other grounds, 920 F.2d 819 (11th Cir. 1991) (finding that plaintiff had exhausted remedies by twice requesting review of ERISA benefit denial without receiving response).  Given that plaintiffs' claims are deemed to be exhausted, the motion for judgment on the pleadings should be denied.

## IV. Conclusion

For the reasons set forth above, the court hereby **DENIES** defendants' Motion for Judgment on the Pleadings.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record.

It is **SO ORDERED** this 29th day of September, 2010.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge